# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BECKLEY

(CHIEF) COL. MICHAEL S. OWL
FEATHER-GORBEY,

        Plaintiff,

v.                                       CIVIL ACTION NO. 5:21-cv-00091

LT. OR OFFICER BROWN, et al.,

        Defendants,

(CHIEF) COL. MICHAEL S. OWL
FEATHER-GORBEY,

        Plaintiff,

v.                                         CIVIL ACTION NO. 5:21-cv-00209

SMITH, United Manager, et al.,

        Defendants,

(CHIEF) COL. MICHAEL S. OWL
FEATHER-GORBEY

        Plaintiff,

v.                                         CIVIL ACTION NO. 5:21-cv-00210

UNITED STATES OF AMERICA,

        Defendant.

(CHIEF) COL. MICHAEL S. OWL
FEATHER-GORBEY,

        Plaintiff,

v.                                         CIVIL ACTION NO. 5:21-cv-00270

MANNING, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending are numerous filings[1] by Plaintiff (Chief) Col. Michael S. Owl Feather-Gorbey in the four above-styled actions: complaints filed pursuant to *Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), and a complaint under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671, *et seq.*; motions for sanctions, preliminary injunctions, and temporary restraining orders [Case No. 91, Docs. 23, 24, 25, 28; Case No. 209, Doc. 17; Case No. 210, Doc. 11]; and Plaintiff's Application to Proceed In Forma Pauperis ("IFP") [Case No. 270, Doc. 1]. Also pending are the United States' motions to reconsider Plaintiff's filing status as IFP filed in three of the above-styled actions. [Case No. 91, Doc. 26; Case No. 209, Doc. 22; Case No. 210, Doc. 16]. These actions were previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed the PF&Rs on March 26, 2021 [Case No. 91, Doc. 13], April 12, 2021 [Case No. 209, Doc. 5; Case No. 210, Doc. 6], and May 14, 2021 [Case No. 270, Doc. 7]. Magistrate Judge Aboulhosn recommended the Court take the following actions: (1) dismiss certain counts or the entirety of the Complaints and Amended Complaints [Case No. 91, Doc. 7; Case No. 209, Doc. 2; Case No. 210, Doc. 2; Case No. 270, Doc. 2], and (2) deny Plaintiff's application to proceed IFP [Case No. 270, Doc. 1]. Magistrate Judge Aboulhosn recommended referring the cases back for further proceedings on the surviving claims. [Case No. 91, Doc. 13; Case No. 209, Doc. 5; Case No. 210, Doc. 6; Case No.

---

[1] For ease of reference when referring to documents from multiple actions, the first number corresponds with the first styled action, and so forth. When referring to a single document from an action, the last numbers of the Civil Action Number will be referenced prior to the document number.

270, Doc. 7]. Mr. Feather-Gorbey timely objected to the PF&Rs.[2] [Case No. 91, Doc. 14; Case No. 209, Doc. 16; Case No. 210, Doc. 10; Case No. 270, Doc. 9].

Prior to the Court adjudicating the PF&Rs in the first three actions, the United States moved to reconsider Plaintiff's filing status as IFP [Case No. 91, Doc. 26; Case No. 209, Doc. 22; Case No. 210, Doc. 16]. Magistrate Judge Aboulhosn filed PF&Rs relating to those motions on May 14, 2021 [Case No. 91, Doc. 29; Case No. 209, Doc. 24; Case No. 210, Doc. 18]. Magistrate Judge Aboulhosn recommended the Court (1) grant the United States' motion to reconsider Plaintiff's filing status as IFP [Case No. 91, Doc. 26; Case No. 209, Doc. 22; Case No. 210, Doc. 16]; (2) revoke Plaintiff's IFP status; (3) deny Plaintiff's motion for reconsideration of the PF&R [Case No. 91, Doc. 15]; (4) deny Plaintiff's motions for sanctions, injunctions, and temporary restraining orders [Case No. 91, Docs. 23, 24, 25, 28; Case No. 209, Doc. 17; Case No. 210, Doc. 11]; (5) deny Plaintiff's motion for leave to amend [Case No. 209, Doc. 18, Case No. 210, Doc. 13]; (6) dismiss the Amended Complaint and Complaints [Case No. 91, Doc. 7; Case No. 209, Doc. 2; Case No. 210, Doc. 2]; and (7) remove the matters from the Court's docket. Mr. Feather-Gorbey timely objected. [Case No. 91, Doc. 35; Case No. 209, Doc. 25; Case No. 210, Doc. 19].

Mr. Feather-Gorbey recently filed motions relating to a physical assault he allegedly experienced at FCI Beckley. [Case No. 91, Doc. 51; Case No. 209, Doc. 42; Case No. 210, Doc. 37]. Mr. Feather-Gorbey has filed a separate civil action relating to these exact allegations. *Feather-Gorbey v. Warden,* 5:21-cv-00492. Insofar as these motions are duplicative of claims asserted in the new civil action, the motions are denied without prejudice.

---

[2] Mr. Feather-Gorbey moved for reconsideration of the Magistrate Judge's PF&R. [Case No. 91, Doc. 15]. The Court treats the motion as objections to the PF&R.

Inasmuch as common questions of law and fact are extant, and pursuant to *Federal Rule of Civil Procedure* 42(a), the Court **DIRECTS** that these actions be **CONSOLIDATED**. The first styled action above is designated as the lead case, and all future filings shall be made therein.

## I.

The Court is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## II.

Mr. Feather-Gorbey contends the Court should only consider the first set of PF&Rs and disregard the second set of PF&Rs recommending the granting of the United States' motions to reconsider Plaintiff's IFP filing status. The Court is required to screen all cases in which a plaintiff seeks to proceed IFP, and the Court "shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court undertakes similar screening when the plaintiff seeks relief

from a governmental entity or a governmental entity's officers or employees. 28 U.S.C. § 1915A(b).

The inmate's complaint is subject to the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"). This subsection provides that

> [i]n no event shall a prisoner bring a civil action . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Court's screening under the "three strikes" rule imposes an additional pleading requirement on the plaintiff who has struck out: even if the plaintiff's claims pass general scrutiny under § 1915(e)(2)(B) or § 1915A, the plaintiff must be "under imminent danger of serious physical injury" for his Complaint to survive the Court's screening. 28 U.S.C. § 1915(g).

Magistrate Judge Aboulhosn screened Mr. Feather-Gorbey's complaints under 28 U.S.C. § 1915A because the Complaints alleged claims against federal government employees or officers. He initially recommended dismissing all claims except those alleging failure to protect and deliberate indifference concerning Mr. Feather-Gorbey's medical needs under the Eighth Amendment. [Case No. 91, Doc. 13 at 25-26; Case No. 209, Doc. 5 at 20; Case No. 210, Doc. 6 at 5-6]. Without previously considering Mr. Feather-Gorbey's prior filings, Magistrate Judge Aboulhosn issued PF&Rs recommending dismissal of all claims as Mr. Feather-Gorbey failed to demonstrate he is facing imminent danger of serious physical injury which would allow him to proceed IFP. [Case No. 91, Doc. 29 at 14; Case No. 209, Doc. 24 at 12; Case No. 210, Doc. 18 at 11]. Magistrate Judge Aboulhosn recommended denial of the motion to proceed IFP and dismissal of the Complaint in the remaining case for the same reasons. [Case No. 270, Doc. 7].

For this reason, Mr. Feather-Gorbey's objection on this issue is **OVERRULED**.

### III.

Mr. Feather-Gorbey contends the Magistrate Judge's reliance on the United States' motion to revoke Plaintiff's IFP status was improper because he was not given notice or adequate response time. The Magistrate Judge's findings and recommendations are not final until adopted by the District Court. 28 U.S.C. § 636(b)(1). The PF&R is a recommendation to the Court to which parties may file objections. *Id.* Mr. Feather-Gorbey timely filed objections to the PF&Rs. Finding no prejudice, the Court **OVERRULES** the objection.

### IV.

Mr. Feather-Gorbey contends he is under imminent danger of serious physical injury and may proceed IFP. Magistrate Judge Aboulhosn concluded Mr. Feather-Gorbey had not made a showing that he was under imminent danger of serious physical injury. Construing the *pro se* filings liberally, this Court agrees with the Magistrate Judge. "Imminent danger of serious physical injury" requires "that the imminent danger 'must exist at the time the complaint or the appeal is filed, not when the alleged wrongdoing occurred.'" *Feather-Gorbey v. Dunbar,* 787 Fed. Appx. 824, 825 (4th Cir. 2019) (citing *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003)).

Mr. Feather-Gorbey alleges he faces serious physical injury due to the lack of appropriate medical treatment for his glaucoma, which poses a threat of blinding him. Specifically, Mr. Feather-Gorbey denies laser surgery and other treatments as recommended by a physician and wishes to be prescribed marijuana. [Case No. 91, Doc. 35 at 11; Case No. 209, Doc. 25 at 9; Case No. 210, Doc. 19 at 9]. Any exacerbation of Mr. Feather-Gorbey's condition is self-inflicted. Mr. Feather-Gorbey has not been denied medical treatment for his glaucoma; he simply refuses to accept the prescribed treatment. This is not an imminent danger of serious physical injury.

Mr. Feather-Gorbey contends he is subject to verbal threats, placed in a cell with gang members, denied prosthetics, and denied a lower bunk pass, all of which constitute imminent danger of serious physical injury. Because "imminent danger" is an additional pleading requirement for prisoners with three strikes, the allegation of imminent danger must meet the same plausibility standard required of all complaints. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mr. Feather-Gorbey set forth conclusory statements in his Complaints that he is being threatened; he has failed to plead specific facts regarding these threats.

Mr. Feather-Gorbey has thus not demonstrated that he is in imminent danger of serious physical injury so as to allow him to proceed IFP. The Court **OVERRULES** the objections.

## V.

Based upon the foregoing discussion, the Court **ORDERS** as follows with respect to the above-captioned actions:

1. That the actions be **CONSOLIDATED** and the first styled case be designated the lead case, with all future filings being made therein;

2. That the objections be **OVERRULED** and the motions to reconsider be **DENIED [Case No. 91, Docs. 14, 15, 35; Case No. 209, Docs. 16, 25; Case No. 210, Docs. 10, 19; Case No. 270, Doc. 9]** and the Magistrate Judge's PF&Rs be **ADOPTED [Case No. 91, Docs. 13, 29; Case No. 209, Docs. 5, 24; Case No. 210, Docs. 6, 18; Case No. 270, Doc. 7]**.

3. That the motion to proceed IFP be **DENIED [Case No. 270, Doc. 1]**;

4. That the United States' motions to reconsider Plaintiff's IFP status be **GRANTED [Case No. 91, Doc. 26; Case No. 209, Doc. 22; Case No. 210, Doc. 16]**, and Plaintiff's IFP status be **REVOKED**;

5. That Plaintiff's motions for sanctions, injunctions, and temporary restraining orders be **DENIED [Case No. 91, Docs. 23, 24, 25, 28; Case No. 209, Doc. 17; Case No. 210, Doc. 11]**; and

6. That the Complaints and Amended Complaints **[Case No. 91, Doc. 7; Case No. 209, Doc. 2; Case No. 210, Doc. 2; Case No. 270, Doc. 2]** in the lead and consolidated actions be **DISMISSED**.

Upon dismissal of these actions, the following motions are **DENIED** as moot: (1) the United States' motions to stay **[Case No. 91, Doc. 44; Case No. 209, Doc. 35; Case No. 210, Doc. 31]**; (2) Plaintiff's motions to receive a copy of the United States' filings of May 4, 2021 **[Case No. 91, Doc. 39; Case No. 209, Doc. 31; Case No. 210, Doc. 26; Case No. 270, Doc. 16]**; (3) Plaintiff's motions to enforce the PLRA by its terms **[Case No. 91, Doc. 42; Case No. 209, Doc. 33; Case No. 210, Doc. 29; Case No. 270, Doc. 18]**; (4) Plaintiff's motion to correct **[Case No. 210, Doc. 21]**; (5) Plaintiff's motions for sanctions, contempt, and temporary restraining orders not addressed in the PF&Rs **[Case No. 91, Docs. 40, 42; Case No. 209, Doc. 33; Case No. 210, Doc. 29; Case No. 270, Doc. 18]**; (6) Plaintiff's motions relating to a physical assault, which is the subject of another civil action **[Case No. 91, Doc. 51; Case No. 209, Doc. 42; Case No. 210, Doc. 37]**; (7) Plaintiff's motions to amend **[Case No. 209, Doc. 18, Case No. 210, Doc. 13]**. The Court, again, hereby **ORDERS** these consolidated actions be **DISMISSED**.

The Court directs the Clerk to transmit a copy of this written opinion and order to any counsel of record and any unrepresented party herein.

ENTER: November 1, 2021



Frank W. Volk
United States District Judge